UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO LOPEZ,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES, et al.,<br><br>          Defendants. | CIVIL ACTION NO. 3:22-CV-00760<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court is a motion to dismiss and/or for summary judgment filed by Defendants the United States, the Federal Bureau of Prisons ("BOP"), the National Gang Unit Agency, and Security Investigation Service ("S.I.S.") (collectively, "Defendants"). (Doc. 16). *Pro se* prisoner-Plaintiff Julio Lopez ("Lopez") has neither filed a response nor a motion seeking an extension of time to do so. Accordingly, because the time for filing a response has expired, Defendants' motion is ripe for disposition. The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 22).

For the following reasons, the motion to dismiss and/or for summary judgment shall be GRANTED.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

This *pro se* civil rights action was initiated on May 23, 2022, pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, by the filing of a complaint in the related action, *Bran v. United States*, on behalf a purported class of prisoners. (Doc. 1; Doc. 12). On June 9, 2022, prisoner-Plaintiff Lopez, a prisoner incarcerated in the United States

Penitentiary Lewisburg, Pennsylvania ("USP Lewisburg"), elected to proceed with this civil rights action by filing a motion for leave to proceed *in forma pauperis*. (Doc. 4). On August 15, 2022, Lopez filed the amended complaint asserting claims against Defendants. (Doc. 12, ¶¶ 4-6). After completion of service on August 31, 2022, Defendants filed the motion to dismiss, or in the alternative, for summary judgment on October 31, 2022, as well as a brief in support and statement of facts, arguing that: (1) the Court lacks subject matter jurisdiction over Lopez's *Bivens* claims the BOP and official capacity claims against individual BOP employees because those claims are barred by sovereign immunity; (2) Lopez failed to satisfy the Prison Litigation Reform Act ("PLRA") requirement of exhausting available administrative remedies before commencing this lawsuit; and (3) the Court lacks subject matter jurisdiction over Lopez's FTCA claim because Lopez failed to submit an administrative tort claim to the BOP before filing his complaint. (Doc. 16; Doc. 17; Doc. 18). On December 13, 2022, and January 10, 2023, the Court directed Lopez to file a brief in opposition to Defendants' motion. (Doc. 23; Doc. 24). As noted *supra*, Lopez has not filed a response.

    A.  SUMMARY OF THE AMENDED COMPLAINT

Lopez alleges that since January 31, 2022, he has been "housed in isolation segregation confinement under severe conditions and harsh punishment based upon decision of defendants," in the special housing unit ("SHU") in the United States Penitentiary Big Sandy, Kentucky. (Doc. 12, ¶¶ 8, 10). Lopez contends he did not violate any prison rule, his confinement in isolation is premised upon his MS-13 membership, and Defendants' have repeatedly denied his request for a "lockup order," which Lopez claims is an official report that states the reasons why an inmate is being sent to the SHU. (Doc. 12, ¶¶ 11-12).

On March 7, 2022, at around 8 p.m., Lopez, along with fellow MS-13 inmates, was

escorted out of the SHU at USP Big Sandy, placed on a bus containing other MS-13 inmates coming from the USP Lee, Virginia, driven to USP Hazelton, West Virginia, to pick up more MS-13 inmates, and ultimately brought to the special management unit ("SMU") program at USP Lewisburg. (Doc. 12, ¶ 16). Lopez alleges his confinement in the SMU has exposed him to hostility and harsh and inhumane conditions, including the deprivation of phone time, emails, law library access, freedom to move around and take daily showers, interact with other inmates, and access to education programs. (Doc. 12, ¶ 36). Lopez avers that Defendants actions caused him pain, suffering, injury, and emotional and psychological distress. (Doc. 12, ¶¶ 28-33). As relief, Lopez seeks declaratory judgment, injunctive relief, and compensatory and punitive damages. (Doc. 12, ¶¶ 34-40).

B. STATEMENT OF MATERIAL FACTS[1]

Plaintiff Lopez is a federal inmate who is presently designated to the USP Lewisburg, where he is serving a 320-month sentence imposed in the United States District Court for the Western District of North Carolina for various offenses of the Racketeer Influenced and

---

[1] The Local Rules provide that in addition to the requirement that a party file a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." *See* M.D. Pa. L.R. 56.1. The Rule further requires the inclusion of references to the parts of the record that support the statements. *See* M.D. Pa. L.R. 56.1. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. *See* M.D. Pa. L.R. 56.1. Unless otherwise noted, the background herein is derived from Defendants' Rule 56.1 statement of facts. (Doc. 17). Lopez has not filed a response to Defendants' statement of material facts in compliance with Local Rule 56.1. Accordingly, the Court deems the facts set forth by Defendants to be undisputed. *See* Fed. R. Civ. P. 56(e)(2); M.D. Pa. L.R. 56.1; *United States v. Alberto*, No. 3:18-CV-1014, 2020 WL 730316, at *2 (M.D. Pa. Feb. 13, 2020) (concluding that the "[f]ailure to file this [responsive statement of material facts] results in admission of the moving party's statement of facts").

Corrupt Organizations Act (the "RICO Act"). (Doc. 17, ¶ 1; Doc. 17-1, ¶ 3, at 5-7). Lopez's release date is presently calculated as February 23, 2033. (Doc. 17, ¶ 1; Doc. 17-1, ¶ 3, at 5). The BOP's computerized record of Lopez's administrative remedy submissions shows that he has filed three administrative remedies during his federal imprisonment which consist of two disciplinary appeals and a request for transcripts. (Doc. 17, ¶ 2; Doc. 17-1, ¶ 5, at 9-10). Lopez has filed no administrative remedies concerning his transfer to USP Lewisburg or the conditions of his confinement at that facility. (Doc. 17, ¶ 3; Doc. 17-1, ¶ 5, at 9-10).

## II. LEGAL STANDARDS

### A. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

The United States moves for dismissal of Lopez's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that the Court lacks subject-matter jurisdiction over Lopez's FTCA claims. (Doc. 18, at 11-12). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Lightfoot v. United States,* 564 F.3d 625, 627 (3d Cir. 2009). When ruling on a Rule 12(b)(1) motion, the Court "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." *See Fed. Realty Inv. Trust v. Juniper Props. Grp.*, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing *Haydo v. Amerikohl Mining, Inc.*, 830 F.2d 494, 496 (3d Cir. 1987)).

### B. MOTION FOR SUMMARY JUDGMENT[2]

---

[2] Defendants initially styled motion as a "motion to dismiss and/or motion for summary judgment," however, their brief in support is solely submitted under the summary judgment standard. When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The decision of whether a motion to dismiss should be converted into a motion for summary judgment is left to the sound discretion of the

4

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. *Morrison v. United States*, No. 1:20-

---

district court. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992). Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the Court's intent to do so. *See* Fed. R. Civ. P. 12(d); *Garcia v. Newtown Twp.*, No. 09-CV-3809, 2010 WL 785808, at *3 (E.D. Pa. Mar. 5, 2010). However, if a motion to dismiss has been filed with an alternative request for summary judgment, the alternative filing is sufficient to place the parties on notice that summary judgment might be entered. *Rivera v. Finley*, 2022 WL 14915563, at *3 (M.D. Pa. 2022); citing *Latham v. United States*, 306 Fed. Appx. 716, 718 (3d Cir.2009) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578–79 (3d Cir.1996), *overruled on other grounds*, *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000)).

CV-01571, 2021 WL 4192086, at *3 (M.D. Pa. Sept. 15, 2021) (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se parties "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants")).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife*

*Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

### C. Bivens Action

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

### III. Discussion

Defendants assert that the Court should grant its motion to dismiss and/or for summary judgment because (1) any *Bivens* claims against the United States and any individual officials sued in their official capacities are barred by the doctrine of sovereign immunity; (2) the PLRA claims fail because Lopez failed to exhaust administrative remedies; and (3) the FLMA claims fail because Lopez failed to present an administrative tort claim to the BOP and receive a written denial of that claim before filing the instant action. (Doc. 18, at 6-12).

### A. Sovereign Immunity

Lopez asserts constitutional claims against Defendants in their official capacities. (Doc. 12, ¶ 7). The doctrine of sovereign immunity, however, bars suits against the United

7

States unless the Government has waived that immunity. *See FDIC v. Meyer*, 510 U.S. 471, 483 (1994). Sovereign immunity extends to individual officers acting in their official capacities, absent an explicit waiver. *See Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012). "*Bivens*, however, does not waive sovereign immunity with respect to claims brought against federal employees sued in their official capacities." *Gomez v. Cullen*, No. 1:20-CV-01637, 2021 WL 2312779, at *8 (M.D. Pa. June 7, 2021), *aff'd*, No. 21-2776, 2022 WL 1183713 (3d Cir. Apr. 21, 2022) (citation omitted). Specifically, the Third Circuit has concluded that "[t]he United States, FBOP, and the individual FBOP employees in their official capacity . . . are barred from suit by the doctrine of sovereign immunity." *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012) (citing *Meyer*, 510 U.S. at 486; *Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986)). Thus, Lopez's official capacity claims against Defendants are essentially claims against the United States that are subject to dismissal because of sovereign immunity. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017).

Accordingly, Lopez's *Bivens* claims are dismissed as Defendants' are entitled to sovereign immunity.

B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Moving to dismiss the amended complaint, Defendants assert that "[e]ven if [Lopez] had named individual defendants, the Court cannot decide the merits of his *Bivens* claims because [Lopez] failed to exhaust his administrative remedies, and therefore, violated the PLRA and deprive the BOP of the ability to consider his claims on the merits before he filed his complaint." (Doc. 18, at 8).

Pursuant to the PLRA, a prisoner must pursue all available avenues of relief through the applicable grievance system before initiating a federal civil rights action. *See* 42 U.S.C. §

1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997e provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

The Third Circuit has further provided that there is no futility exception to Section 1997e's exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000). Courts have typically required across-the-board exhaustion by inmates seeking to pursue claims in federal court. See Nyhuis, 204 F.3d at 75-76. Additionally, courts have interpreted this exhaustion requirement as including a procedural default component, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding with a claim in federal court. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); see also Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have also concluded that inmates who fail to complete the prison grievance process in a full and timely manner are barred from subsequently litigating claims in federal court. See, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008).

This broad rule favoring full exhaustion allows for a narrowly-defined exception; if the actions of prison officials directly caused the inmate's procedural default as to a grievance, the inmate will not be required to comply strictly with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). However, courts also recognize a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *See Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will be excused only "under certain limited circumstances," *see Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate may defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *See Warman*, 49 F. App'x at 368.

"In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances warranting a departure from strict compliance with the exhaustion requirement, courts frequently reject inmate requests for their failure to exhaust to be excused." *Rodney X. v. United States*, No. 1:18-CV-00903, 2021 WL 4844010, at *7 (M.D. Pa. Oct. 18, 2021). An inmate, therefore, may not excuse a failure to comply with these grievance procedures in a timely manner by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. *See Harris*, 149 F. App'x at 59. Furthermore, an inmate may not avoid this exhaustion requirement by merely alleging that the administrative policies were not clearly explained to him. *See Warman*, 49 F. App'x at 368. Consequently, an inmate's confusion regarding these grievance procedures does not, alone, excuse a failure to exhaust. *See Casey v. Smith*, 71 F. App'x 916 (3d Cir. 2003); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance

of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" (citations omitted)).

Recently, the Supreme Court considered what renders administrative remedies unavailable to an inmate such that a failure to exhaust may be excused. *See Ross v. Blake*, 136 S. Ct. 1850 (2016). The Court noted, "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *See Ross*, 136 S. Ct. at 1859. First, an administrative procedure is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *See Ross*, 136 S. Ct. at 1859. Second, a procedure is not available when it is "so opaque that it becomes, practically speaking, incapable of use." *See Ross*, 136 S. Ct. at 1859. Finally, a procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation." *See Ross*, 136 S. Ct. at 1860. However, "once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *See Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). The Third Circuit recently established that:

> to defeat a failure-to-exhaust defense based on a misrepresentation by prison staff, an inmate must show (1) that the misrepresentation is one which a reasonable inmate would be entitled to rely on and sufficiently misleading to interfere with a reasonable inmate's use of the grievance process, and (2) that the inmate was actually misled by the misrepresentation.

*See Hardy v. Shaikh*, 959 F.3d 578, 588 (3d Cir. 2020).

In this case, Defendants assert:

> the BOP's computerized records of [Lopez]'s administrative remedy submissions reveal that while he filed previous administrative remedies

11

concerning disciplinary appeals and a request for a transcript, he never submitted a single administrative remedy concerning his alleged improper transfer to USP Lewisburg or the alleged unlawful conditions of confinement he claims he is enduring at that institution. Therefore, because [Lopez] made no effort to satisfy the PLRA, this Court should enter judgment in favor of the *Bivens* defendants and deny him the opportunity to correct the deficiencies of his Amended Complaint because he did not attempt to exhaust administrative remedies before he filed his complaint.

(Doc. 18, at 10-11).

In support of their assertion, Defendants have provided a declaration from Jennifer Knepper, an attorney advisor at USP Lewisburg. (Doc. 17-1, at 3-4). She avers that Lopez has filed three administrative remedies, which concern two disciplinary appeals and one wherein he requests transcripts. (Doc. 17-1, ¶ 5). Knepper avers that Lopez has not filed any administrative remedies concerning the allegations in his complaint. (Doc. 17-1, ¶ 5). Lopez's Administrative Remedy Generalized Retrieval also indicates he has never filed any remedies concerning the allegations set forth in the instant case. (Doc. 17-1, at 9-10).

Lopez has not responded to Defendants' motion. Nothing in the record before the Court suggests that Lopez ever submitted an administrative remedy regarding his confinement in the SHU or transfer to USP Lewisburg. Lopez, therefore, has not refuted the defense that he failed to properly exhaust his *Bivens* claims prior to filing suit in this Court. Based on Defendants' statements of material facts and the evidentiary materials and the lack of opposing evidentiary materials, the Court concludes that there are no triable issues of material fact regarding the issue of exhaustion of administrative remedies and that Defendants are entitled to judgment as a matter of law.

Accordingly, because the PLRA requires full and proper exhaustion prior to the initiation of Lopez's *Bivens* claims in federal court, and this Court cannot excuse compliance

with those requirements, Defendants' motion will be granted on the basis that Lopez failed to properly exhaust his administrative remedies with respect to his *Bivens* claims.

### C. FTCA Claims

Defendants assert that they are entitled to summary judgment on Lopez's FTCA claims because he has not submitted an administrative tort claim to the BOP during his incarceration. (Doc. 18, at 12). The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court," and the "extent of the United States' liability under the FTCA is generally determined by reference to state law." *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001) (quoting *Molzof v. United States*, 502 U.S. 301, 305 (1992)).

As a sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). Its consent to be sued must be "unequivocally expressed," and the terms of such consent define the court's subject matter jurisdiction. *Sherwood*, 312 U.S. at 586. (quotations omitted). The FTCA operates as a limited waiver of the United States' sovereign immunity. *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *Roma v. United States,* 344 F.3d 352, 362 (3d Cir.2003)). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)-(2); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

A plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *See White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States['] consent to be sued, they are jurisdictional." *White–Squire*, 592 F.3d at 457 (citing *Sherwood,* 312 U.S. at 586; *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971) (noting that the requirement to present a claim to the agency "is jurisdictional and cannot be waived") (citation omitted)). "In other words, if a plaintiff has not complied with the FTCA's pleading requirements, a district court has no subject matter jurisdiction over the claim." *Palmer v. United States*, No. 21-11721, 2022 WL 310208, at *4 (D.N.J. Feb. 1, 2022) (internal quotation marks omitted). "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick,* 444 U.S. 111, 117-18 (1979).[3]

As an initial matter, Lopez appears to assert his FTCA claims against the BOP, National Gang Unit Agency, and S.I.S., rather than the United States. (Doc. 12, ¶¶ 4-6). Lopez cannot, however, maintain a claim against Defendants, as the United States is the only proper defendant for an FTCA claim. *See, e.g., CNA*, 535 F.3d at 138 n.2. ("The Government is the only proper defendant in a case brought under the FTCA."); *see also* 28 U.S.C. § 1346(b)(1)–(2). Accordingly, the Court will dismiss Lopez's FTCA claims against Defendants for lack of jurisdiction.

---

[3] The claim must be presented to the appropriate agency within two years after it accrues. 28 U.S.C. § 2401(b); *see also Kubrick,* 444 U.S. at 117–18, 100 S.Ct. 352 (noting that the two-year statute of limitations "is a condition of th[e] waiver" of "sovereign immunity").

Next, even if this Court were to substitute the United States as the proper party, the Court would nevertheless dismiss these claims for lack of jurisdiction, as Lopez failed to exhaust his administrative remedies.[4] The amended complaint fails to make any reference to a notice of tort claim, a demand for a sum certain, or that Lopez has otherwise exhausted his FTCA claim. Moreover, according to Defendants, the BOP's computerized records reveal that Lopez has not submitted an administrative tort claim to the agency during his incarceration. (Doc. 17-1, ¶ 6).

Accordingly, because Lopez's FTCA claims fail to sue the proper party and because even if the Court substitutes the United States as the proper party, Lopez failed to exhaust his administrative remedies prior to initiating suit, the Court will grant Defendants' motion and dismiss the FTCA claims for lack of subject matter jurisdiction. *See Lampon-Paz v. Dep't of Just.*, No. 16-9071, 2019 WL 2098831, at *6 (D.N.J. May 14, 2019), *aff'd*, 793 F. App'x 137 (3d Cir. 2019).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and/or for summary judgment is **GRANTED**. (Doc. 16).

An appropriate Order follows.

**Dated: June 8, 2023**                                              *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **Chief United States Magistrate Judge**

---

[4] Although the amended complaint names the United States in its caption, it does not appear to name the United States as a defendant in the body of the amended complaint with respect to Lopez's FTCA claims. (Doc. 12, ¶¶ 4–6).